See 2 Dist. R. 776 and 828.

---

## Frishmuth, to use, Appellant, v. Barker.

*Affidavit of defence—Contract—Misrepresentations.*

In an action of assumpsit to recover money paid for an interest in alleged valuable banking concessions from the Chinese government, an affidavit of defence is sufficient to prevent judgment which avers that the concessions were in actual existence at the time of plaintiff's purchase; that plaintiff personally examined and read the concessions; that a special trust was formed with the knowledge and consent of plaintiff, and certificates of plaintiff's interest therein were issued by the trust, and were always ready for delivery to him; that after the trust was created the concessions were revoked by the Chinese government; that plaintiff's money had been applied to expenses incurred; and that defendant made no misrepresentation concerning the transaction.

Argued Jan. 19, 1894. Appeal, No. 139, Jan. T., 1894, by plaintiff, William D. Frishmuth, Jr., to the use of himself and Benoni Frishmuth, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1893, No. 971, discharging rule for judgment for want of a sufficient affidavit of defence in favor of defendant, Wharton Barker. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Assumpsit to recover money paid for interest in alleged banking concessions in the Chinese government.

Plaintiff in his statement averred that defendant claiming " and representing himself to be the owner of certain valuable banking concessions from the Chinese government for the furnishing of capital for the construction and operation of tele-

phones, railways, mines and other commercial enterprises in China, received from plaintiff the sum of $1,250 for fifty full paid shares of a par value of $100 each, in a contemplated corporation to be known as the American & Oriental Banking Company, which company defendant then and there represented was about to be organized for the operation of said concessions, and to which the said concessions were to be transferred. Plaintiff avers that the said representations were false in that the said Chinese government had not granted to the defendant any such concessions as aforesaid, and that by reason of the failure of the defendant to procure said concessions the said contemplated corporation was never organized, no certificates of stock were ever issued, and the entire plan for the same was wholly abandoned."

Defendant filed an affidavit of defence, the material portions of which were as follows:

"In the month of November, 1887, a syndicate, composed of a number of persons including myself, was interested in certain proposed business enterprises about to be undertaken in China, and for which concessions had been granted by the representatives of the Chinese government to me and Count Eugene Mitkiewitz. The plaintiff, knowing that I was interested in this enterprise, desired to purchase a portion of my interest for himself therein, and approached me in reference thereto. All the papers in reference to the matter were submitted to the plaintiff and examined by him. He saw the original documents in the Chinese language granting the concessions, and also the translations thereof. He read the documents. He then desired to purchase an interest which would represent the proportionate interest which $5,000 would have in a joint interest whose capital should be represented by $20,000,000, or if the capital should be increased beyond $20,000,000, or made less than $20,000,000, he desired to purchase an equivalent proportion of such increased or reduced capital, so that his entire interest should be the 1-4000th of whatever the capitalization of the entire interest concerned in these concessions should be ; and for this he agreed to pay $1,250. Prior to purchasing, the plaintiff and all those interested were expressly informed that if, for any reason, the original subscribers to the enterprise should deem that a charter of incorporation would not be the most beneficial

means of conducting the enterprise, whether owing to the impossibility of obtaining a charter with sufficiently large powers desired, or owing to expenses of taxation, or for any other cause, a special trust, instead of corporation, should be created, and certificates issued under the special trust to the parties interested therein, representing their interests in such trust; and the plaintiff purchased with this knowledge, and assented thereto.

" It was found that a sufficiently broad charter of incorporation could not be obtained, and a special trust was thereupon organized, and the concessions were transferred to such special trust as aforesaid.   And in assigning the said concessions the defendant also bound himself to transfer to the special trust any concessions which he might acquire from the Chinese government during the ten years ensuing the year 1887.   Certificates of interest in the form of certificates of stock therein were issued, and the fifty shares representing the plaintiff's interest were filled up to the said defendant and have been ready for delivery to the said plaintiff whenever demanded by him, and of this he has been notified.   After the special trust was created the defendant was notified that the concessions were revoked by the Chinese government, and hence the whole scheme proved a total business loss.   The money of the plaintiff was applied to the expenses incurred, which were about $140,000, all of which were lost and sunk in the scheme.

" I deny that I made any representations of any kind other than those contained in this affidavit of defence; and I deny that I ever refused to issue the certificate to which the plaintiff was entitled, or wrongfully misappropriated the proceeds thereof.   On the contrary, I have notified the plaintiff that although worthless he could have the certificate, and this the plaintiff has declined to accept.   This transaction was over five years and eleven months prior to the writ issued in this case, and this writ was issued by reason of an action having been brought on October 24, 1893, by the assignee of Barker Brothers against the use plaintiff herein."

Rule for judgment discharged.   Plaintiff appealed.

*Error assigned* was above order.

J. *Martin Rommel*, for appellant, cited: Bank v. Kurtz, 99 Pa. 349.

A. T. Freedley, for appellee, not heard.

PER CURIAM, January 29, 1894:

The affidavit of defence in this case is quite sufficient to carry the case to a jury; and hence there was no error in discharging plaintiff's rule for judgment.

Judgment affirmed.